Dear Representative Smith:
Reference is made to your recent request for an opinion of this office regarding two sales taxes imposed by St. Charles Parish, and the purposes for which those taxes can be utilized.
According to your correspondence, the St. Charles Parish Council has recently enacted two sewer rate increases. This has upset at least one of your constituents, because the parish currently collects two sales taxes, adopted in 1979 and 1983, which could be utilized for sewerage and drainage purposes. Furthermore, at the time the propositions associated with the sales taxes were put before the voters, the taxes were, according to your constituent, promoted by the Parish as being enacted primarily for sewerage and drainage improvements. However, according to documents forwarded with your letter, the parish is instead using the revenues generated by the two sales taxes for primarily general fund purposes, not sewerage.
The laws of the State of Louisiana offer guidance as to the use of the sales tax proceeds. According to LSA-R.S. 33:2711, an ordinance imposing a sales and use tax may be adopted by the governing authority only after the question of the imposition of the tax has been submitted to the qualified electors and a majority of those voting have voted for the proposition imposing said tax.
LSA-R.S. 33:2714 provides:
 "The ordinance imposing said tax and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes."
LSA-R.S. 33:2723 provides, in pertinent part:
 "Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof."
In accordance with the above-quoted statutory provisions, this office has consistently determined that sales and use tax revenues must be used in accordance with the will of the electorate, as set forth in the proposition. Attorney General's Opinions Nos. 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
Your office has kindly provided us with the propositions associated with the 1979 and 1983 sales taxes in question. Both of those propositions contain identical provisions, stating:
 "the avails or proceeds of said tax to be dedicated and pledged for any lawful public purpose of the Parish and further subject to funding into negotiable bonds of said Parish for the purpose of constructing, acquiring and improving capital improvements for the Parish (including but not limited to sewers and sewerage disposal works, drains, drainage canals, pumps and pumping plants, dykes and levees) as established and set forth in the Parish's then current capital budget "(Emphasis added).
In spite of the fact that the propositions in question may have been promoted as being adopted for a specific purpose (sewerage and drainage improvements), the clear language of the propositions, quoted above, indicates that the taxes are to be used for "any lawful purpose". In our opinion, this language authorizes the Parish to utilize the avails of the taxes in question for general fund purposes. Clearly, the language of these propositions would allow the use of the tax revenues generated thereby for sewerage and drainage improvements (such improvements would certainly fall under the category of "any lawful public purpose"). However, our research did not reveal any provision of law that would require the Parish to use the proceeds for a limited purpose (in this case, sewer and drainage), when the voters have, by approving the proposition, authorized the use of the proceeds for general purposes.
This office is not in a position to determine whether or not some of the citizens of St. Charles Parish were misinformed about the purposes of the sales taxes approved in 1979 and 1983. In accordance with the statutory provisions quoted herein, the use of sales tax proceeds adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters.
Among the many documents you forwarded to this office was a copy of Attorney General's Opinion No. 94-209, copy attached, which refers to the use of tax and bond proceeds generated by sales taxes adopted in St. Charles Parish in 1979 and 1983. Apparently, the sales taxes referred to in Opinion No. 94-209 are the same sales taxes that are the subject of this opinion. However, a reading of Opinion No. 94-209 indicates that the author did not have access to the propositions in question, as did the undersigned, and was apparently under the mistaken impression that the sales taxes in question were passed for the specific and limited purpose of sewerage and drainage. Opinion 94-209 pertinently states:
 "The facts related to this office indicate that in 1979 the Parish of St. Charles passed a one-half cent sales tax for sewerage and drainage, and in 1983 passed a three-eighths cent sales and use tax, and a twelve million dollar bond issue to complete its parish-wide sewerage project Through the passage of the tax and bond issues, the parish obligated itself to provide a sewerage system to its citizens . . ."
In light of the fact that Attorney General's Opinion No. 94-209 was based upon incorrect information, that portion of the opinion that provides that the Parish obligated itself, by passage of the sales tax measures in question, to provide a sewer system to its citizens, is hereby recalled. It remains our opinion however, as stated in Opinion No. 94-209, that the provision of individual treatment units to the residents of Bayou Gauche, as opposed to providing the island with a main sewer line, was not a prohibited donation in contravention of La. Const. Art. VII, Sec 14, as long as the Parish Council made the decision to provide individual treatment units after properly determining that doing so was the most cost effective and efficient method of providing sewerage to Bayou Gauche.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED:
DATE RELEASED: September 14, 2001